[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This matter is before the court on appeal from the Erie County Court of Common Pleas. The facts giving rise to this appeal are as follows.
In the early morning hours of October 30, 1996, the "Cheers" bar was robbed at gunpoint. Bartender Kimberly Kline testified she closed the bar at approximately 2:20 a.m. Patron Rick Zimmerman agreed to walk Kline out to her car. As she was walking out of the door, a man wearing a ski mask pushed her back inside and shoved a gun in her face. The man ordered Kline and Zimmerman to lay on the floor. He tore the phone out of the wall and tied Zimmerman up with the phone wire. Kline told the man that there was money hidden in a microwave. After retrieving the money, he tied up Kline and left. Kline and Zimmerman were able to quickly free themselves and Kline called the police. Kline described the perpetrator as a white male approximately six feet tall with a stocky build. At the time of the robbery he was wearing a black and white checkered shirt, dark blue jeans and a pair of tan boots with a steer logo on them. Kline also described the man's accent as "broken English."
Thomas Singler, a retired Sandusky police officer, testified that he currently works for an apartment rental company. On October 31, 1996, he read about the bar robbery in the local newspaper. The article included a description of the perpetrator's clothing. That same day, he was called to one of the apartments he managed because the tenant was without heat. The apartment was located behind the bar. Singler testified there were two men in the apartment, Daniel Barr and appellant, Miguel Castro. While he was attempting to restart the furnace, Singler noticed a pair of work boots in the room. The boots matched the description of the boots described in the newspaper. Singler immediately contacted the police.
Perkins Township Police Chief Timothy McClung testified that on October 31, 1996, Singler told him he suspected one of his tenants was responsible for the bar robbery. Singler also told McClung that the two tenants had left the apartment. McClung soon caught up with the men at a shopping mall. Appellant was wearing boots which matched Kline's description. Barr allowed the police to search the apartment where they found clothing which matched that worn by the robber and a large amount of change. Appellant was taken to the police station for questioning. Detective James Jenkins testified that at the police station, appellant admitted to the robbery.
Appellant was indicted for the aggravated robbery of the bar. He was also indicted on two counts of kidnaping. A jury found him guilty on all counts. He was sentenced to six consecutive years on each count. Appellant now appeals setting forth the following assignments of error.
 "I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT FOR THE KIDNAPING OFFENSES AS AGGRAVATED ROBBERY AND KIDNAPING ARE ALLIED OFFENSES OF SIMILAR IMPORT PURSUANT TO R.C. 2941.25.
 "II. THE VERDICTS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
In his first assignment of error, appellant contends the court erred in sentencing him for both aggravated robbery and kidnaping. Appellant contends that aggravated robbery and kidnaping are allied offenses of similar import.
The elements of R.C. 2911.01, aggravated robbery, are as follows:
 "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;
 "(2) Have a dangerous ordnance on or about the offender's person or under the offender's control;
 "(3) Inflict, or attempt to inflict, serious physical harm on another."
The elements of R.C. 2905.01, kidnaping, are as follows:
 "(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
"(1) To hold for ransom, or as a shield or hostage;
 "(2) To facilitate the commission of any felony or flight thereafter;
R.C. 2941.25 states:
 "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
The Ohio Supreme Court has set forth the following guidelines for determining when kidnaping and another offense of the same or similar kind are committed with a separate animus as to each pursuant to R. C. 2941.25(B).
 "(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;
 "(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions." State v. Logan (1979), 60 Ohio St.2d 126, syllabus.
Kimberly Kline testified that as she was attempting to exit the bar on October 30, 1996, someone pushed the door open from the outside. A man grabbed her arm and pushed her up against the cigarette machine. He brandished a gun and ordered Rick Zimmerman to lay face down on the floor. He then instructed Kline to get on the floor. Appellant cut the phone's wires and used them to tie up Zimmerman. While he was restraining Zimmerman, appellant asked Kline where the money was kept. She told him it was hidden in a kitchen microwave. Kline then told appellant about some hidden money behind the bar. After appellant retrieved the money, he tied up Kline and left. Kline testified she was able to free herself very soon after appellant left. Zimmerman testified that he was able to break free from the restraints approximately fifteen to twenty seconds after appellant left.
Two separate and distinct offenses are committed when a defendant completes a robbery and then restrains a victim to merely facilitate an escape. State v. Woodruff (December 14, 1994), Hamilton App. No. C-940191, unreported, State v. Perkins
(March 16, 1994), Cuyahoga App. No. 64714, unreported, State v.Wright (Aug. 22, 1991), Cuyahoga App. No. 58953, unreported. By the time appellant restrained Kline, he had completed the robbery. The force necessary for the aggravated robbery was the act of threatening Kline with the gun. He then tied her up in an effort to facilitate his escape after committing the felony of aggravated robbery. As to Kimberly Kline, two separate and distinct offenses were committed. The court in this case did not err in convicting and sentencing appellant for the aggravated robbery of the bar and the kidnaping of Kimberly Kline.
We must, however, reach a different conclusion as to the kidnaping count involving Rick Zimmerman. Zimmerman, unlike Kline, was restrained during the robbery and only remained restrained for the period of time necessary for appellant to complete the robbery. We therefore conclude that the kidnaping of Zimmerman was merely incidental to the aggravated robbery of the bar. It follows that the court erred in convicting appellant for the kidnaping of Rick Zimmerman. Accordingly, appellant's first assignment of error is found well-taken in part and not well-taken in part.
In his second assignment of error, appellant contends his conviction is against the manifest weight of the evidence.
Weight of the evidence indicates that the greater amount of credible evidence supports one side of an issue more than the other. State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting Black's Law Dictionary (6 Ed. 1990) 1594. The Ohio Supreme Court has defined the standard applied to determine whether a criminal conviction is against the manifest weight of the evidence:
 "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." Id. at 388, citing Tibbs v. Florida (1982), 457 U.S. 31, 42.
To determine whether this is an exceptional case where the evidence weighs heavily against conviction, an appellate court must review the record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id., quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. Only if we conclude that the jury clearly lost its way in resolving conflicts in evidence and created a manifest miscarriage of justice will we reverse the conviction and order a new trial. Id.
We have thoroughly reviewed the evidence in this case and find no indication that the jury lost its way or created a manifest miscarriage of justice finding appellant guilty of aggravated robbery and the kidnaping of Kimberly Kline. Appellant's second assignment of error is found not well-taken. On consideration whereof, the judgment of the Erie County Court of Common Pleas is reversed as to appellant's conviction for the kidnaping of Rick Zimmerman. The judgment is affirmed as to appellant's conviction for aggravated robbery and the kidnaping of Kimberly Kline. This case is hereby ordered remanded to the trial court for resentencing in accordance with this decision. Court costs are to be divided equally between the parties.
JUDGMENT REVERSED IN PART
 AND AFFIRMED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
 ________________________________ Richard W. Knepper, J.
JUDGE
CONCUR.